1  **MICHAEL A. CONGER (State Bar #147882)**
   **LAW OFFICES OF MICHAEL A. CONGER**
2  16236 San Dieguito Road, Suite 4-14
   P.O. Box 9374
3  Rancho Santa Fe, CA  92067
   Telephone:  (858) 759-0200
4  Facsimile:  (858) 759-1906

5  Attorney for Plaintiffs Mike Murphy, Joshua Pittsley,
   and those similarly situated

          UNITED STATES DISTRICT COURT

          SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MURPHY, and JOSHUA PITTSLEY, on behalf of themselves and all other employees similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>CITY OF EL CAJON; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. **'18CV0698 JM    NLS**<br><br>COMPLAINT FOR OVERTIME WAGES<br>(29 U.S.C. § 207) |

   1.     Plaintiffs MIKE MURPHY, and JOSHUA PITTSLEY, on behalf of themselves and all other employees or former employees similarly situated, bring this action on behalf of themselves and other employees and former employees of the City of El Cajon to recover unpaid overtime compensation, liquidated damages, interest, attorney's fees and costs under the provisions of Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq., "FLSA").

                              **I.**

                          **PARTIES**

   2.     The Plaintiffs are employees or former employees of the City of El Cajon.  The plaintiffs bring this action on their own behalf and, pursuant to 29 U.S.C. § 216(b), on behalf of all other employees and former employees similarly situated.  The plaintiffs have consented in

                               1

writing to becoming such a party and have filed such written consents pursuant to 29 U.S.C. § 216(b).

3. Defendant City of El Cajon ("City") is the employer of the plaintiffs and those similarly situated.

4. The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 to 10, inclusive, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names.

5. The plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to plaintiff as herein alleged. Plaintiffs will seek leave of court to amend this complaint to set forth the true names and capacities of such named defendants when their identities become known.

6. The plaintiffs are informed and believe and thereon allege that each defendant named in this action, including DOE defendants, at all relevant times, was the agent, ostensible agent, servant, employee, representative, assistant, joint venturer, and/or co-conspirator of each of the other defendants, and was at all times acting within the course and scope of his, her, or its authority as agent, ostensible agent, servant, employee, representative, joint venturer, and/or co-conspirator, and with the same authorization, consent, permission or ratification of each of the other defendants.

7. Jurisdiction is proper because this case presents a federal question.

8. Venue is proper because the City of El Cajon is in this federal district.

II

COUNT ONE

(Against the City of El Cajon Under 29 U.S.C. § 216(b))

9. "Under the FLSA, an employer [such as the City] must pay its employees premium overtime compensation of one and one-half times the regular rate of payment of any hours worked in excess of forty in a seven-day work week. [Citation.]" (*Flores v. City of San Gabriel* (9th Cir. 2016) 824 F.3d 890, 895, citing 29 U.S.C. § 207(a).)

10. "The 'regular rate' is defined as 'all remuneration for employment paid to, or on behalf of, the employee . . . .'" (*Flores v. City of San Gabriel* (9th Cir. 2016) 824 F.3d 890, 895, quoting 29 U.S.C., § 207(e).)

11. "The FLSA provides a private cause of action for employees to seek unpaid wages owed to them under the provisions of [29 U.S.C. section] 216(b)." (*Flores v. City of San Gabriel* (9th Cir. 2016) 824 F.3d 890, 895.)

12. Each of the plaintiffs worked more than 40 hours in many seven-day work weeks. Plaintiff Mike Murphy worked more than 40 hours in 80 or more work weeks since April 9, 2015. Plaintiff Joshua Pittsley worked more than 40 hours in at least 85 work weeks since April 9, 2015. The plaintiffs who have consented to join this case have also worked more than 40 hours in many seven-day work weeks during the three years preceding April 9, 2014.

13. During the work weeks that the plaintiffs worked overtime (i.e., more than 40 hours), the City failed to correctly pay overtime to the plaintiffs as required by the FLSA. Specifically, the City failed to correctly calculate the regular rate of pay of the plaintiffs, and those similarly situated, during those work weeks, because the City failed to include "all remuneration for employment paid to, or on behalf of, the [plaintiffs]" in the regular rate calculation.

14. The City's failure to correctly calculate the regular rate during those work weeks was caused by, among other things, failing to include cash paid to the plaintiffs, and other similarly situated, in lieu of providing or paying medical and related insurance premiums under the City's flexible benefits plan. (*Flores v. City of San Gabriel* (9th Cir. 2016) 824 F.3d 890 [requiring such payments to be included in the "regular rate"].) The City also failed to include other remuneration for employment paid to, or on behalf of, the plaintiffs, and those similarly situated, in the regular rate of pay of those plaintiffs and those similarly situated.

15. As a result of under calculating the plaintiffs' regular rate of pay, the City failed to pay the plaintiffs, and those similarly situated, premium overtime compensation of one and one-half times the regular rate of payment for the hundreds of hours they worked in excess of forty in a seven-day work week.

1        16.     The City's violation of the FLSA set forth herein was "willful" because, based on information and belief, the City took no affirmative action to assure compliance with the FLSA requirements. (*Flores v. City of San Gabriel* (9th Cir. 2016) 824 F.3d 890, 906-07.)

         WHEREFORE, Plaintiffs pray for the following:

         1.      That Notice be given to present and former employees of the City informing them of their right to join -- without retaliation -- in that portion of this action brought pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b);

         2.      That judgment be entered against the City in the amounts respectively due the plaintiffs and other employees and former employees of the City similarly situated for unpaid overtime compensation, liquidated damages, and interest as the Court may determine pursuant to 29 U.S.C. §216(b);

         3.      That pursuant to 29 U.S.C. § 217 a permanent injunction be entered against the City restraining further violations of the Fair Labor Standards Act, among others;

         4.      Attorney's fees, costs and prejudgment interest pursuant to 29 U.S.C. § 216(b);

         5.      For such additional and further relief as this Court may deem just.

Dated:   April 9, 2018                          s/Michael A. Conger
                                                Attorney for Plaintiffs
                                                E-Mail: congermike@aol.com

**JURY TRIAL DEMANDED**